UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARTURO FISHER, | ) 1:11CV1262 |
| | ) |
| Petitioner | ) JUDGE JEFFREY HELMICK |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| TERRY TIBBALS, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Arturo Fisher ("Fisher") has filed a petition pro se for a writ of

habeas corpus, under 28 U.S.C. § 2254, regarding his 2007 conviction for rape in the

Cuyahoga County (Ohio) Court of Common Pleas.  (Doc. 1.)  In his petition, Fisher

sets forth eleven (11) grounds for relief:

> 1.  Petitioner was denied due process of law and a fair trial when the
> court allowed Det. Kucinski to testify concerning irrelevant matters
> and attesting to the credibility of the complaint.
>
> 2.  Petitioner was denied a fair trial when the prosecutor commented
> that defendant did not testify.
>
> 3.  Petitioner was denied effective assistance of counsel.
>
> 4.  Petitioner was denied due process of law when he was bound [sic] to
> be a sexually violent predator without any sworn testimony.
>
> 5.  Petitioner was denied due process of law when the court heard,
> without a jury, the issue whether defendant was a sexually violent
> predator.

6.  Petitioner was denied due process of law when irrelevant and inflammatory evidence concerning selling drugs was offered.

7.  Petitioner was denied a fair trial by reason of improper comments by the prosecutor urging the conviction based on passion and prejudice.

8.  Petitioner was denied due process of law when the court overruled petitioner's motion for judgment of acquittal.

9.  Petitioner was denied due process of law when he was convicted of being a sexually violent predator.

10.  Petitioner was denied due process of when the court found petitioner to be a sexually violent predatory [sic], without noting the proper quantum of proof.

11.  Petitioner was denied effective assistance of counsel because counsel failed to file a motion for dismissal and discharge based on a speedy trial violation.

(Doc. 1, § 12.)

The respondent has filed a Return of Writ (doc. 7), and Fisher has filed a

Traverse (doc. 12.)


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

The facts giving rise to the instant case occurred on October 10, 2006, when the victim, K.D. FN1 attended a hearing in the Cleveland Municipal Court regarding a traffic citation.  K.D. called Fisher, her ex-boyfriend's older brother, for advice regarding her hearing.  K.D. was nineteen years old at the time and Fisher was twenty-seven years old.

> FN1. The victim is referred to herein by initials in accordance with this court's policy regarding

2

non-disclosure of the identities of victims of sexual violence.

After the hearing, K.D. met Fisher at a local convenient store to smoke a "Black and Mild" cigar.  Thereafter, K .D. and Fisher drove around the Collinwood area together while Fisher sold crack cocaine.

As Fisher drove K.D. back to her car, he attempted to unbutton her shirt.  K.D. grabbed his hand and pushed it away.  Fisher repeatedly offered K.D. liquor.  K.D. declined except for once when she took one sip of liquor.

Upon arrival to K.D.'s parked car, K.D. realized that Fisher had her car keys.  Fisher got out of his car and into K.D.'s car.  K.D. yelled at Fisher to give her keys back, however, he refused and drove away.

K.D. followed Fisher to Lake Erie Lodge in Euclid, Ohio, driving Fisher's car.  K.D. knew that Fisher wanted to have sex with her. Fisher booked a room and told her that she would have to come upstairs with him if she wanted her keys back.  K.D. followed him upstairs to get her keys believing that he would honor her "no" regarding sex.

K.D. used the restroom in the hotel room.  When she exited the bathroom, she again asked Fisher for her keys.  Fisher refused to return the keys and began to unbutton K.D.'s shirt.  She told Fisher to leave her alone and became scared when he did not.  As K.D. was trying to hold her clothes on, Fisher pushed her onto the bed.  She told Fisher to stop, but Fisher did not.  Fisher attempted to separate her legs and K.D. kept putting them back together.  Fisher then pushed her arms back, separated her legs, and put his penis in her vagina. Fisher did not use a condom.  K.D. cried and begged him to stop.

When Fisher stopped, K.D. went to the bathroom and saw blood from her vagina.  She felt dirty, showered at the hotel, and then left.

K.D. made an appointment at a family planning clinic for October 16, 2006, where a five-millimeter tear in K.D.'s vagina was discovered. When the pain did not subside, K.D. made an additional appointment and was diagnosed with herpes.

Initially, K.D. did not tell anyone what happened because she was embarrassed, however, she eventually told her mother.

3

On November 28, 2007, the case proceeded to a jury trial.  Fisher motioned for acquittal pursuant to Crim.R. 29, which was denied by the trial court.

On November 30, 2007, Fisher waived his right to a jury trial as it pertains to the sexually violent predator specification.  On the same day, the jury found Fisher not guilty of kidnapping and guilty of rape.

On December 11, 2007, the trial court conducted a hearing and found Fisher guilty of the sexually violent predator specification.

On January 9, 2008, the trial court sentenced Fisher to ten years to life imprisonment.

(Doc. 7, RX 11, at 1-3; State v. Fisher, No. 90997, 2009 WL 270487, at *1-*2 (Ohio Ct. App. Feb. 5, 2009).)

Fisher filed a timely notice of appeal, and raised the following ten assignments of error:

1. Defendant was denied due process of law and a fair trial when the court allowed Det. Russell Kucinski to testify concerning irrelevant matters and attesting to the credibility of the complaint.

2. Defendant was denied due process of law when irrelevant and inflammatory evidence concerning selling drugs was offered.

3. Defendant was denied a fair trial when the prosecutor commented that defendant did not testify.

4. Defendant was denied a fair trial by reason of improper comments by the prosecutor urging the conviction based on passion and prejudice.

5. Defendant was denied due process of law when the court overruled defendant's motion for judgment of acquittal.

6. Defendant was denied effective assistance of counsel.

7. Defendant was denied due process of law when he was [found] to be a sexually violent predator without any sworn testimony.

4

8. Defendant was denied due process of law when the court heard, without a jury, the issue whether defendant was a sexually violent predator.

9. Defendant was denied due process of law when he was convicted of being a sexually violent predator.

10. Defendant was denied due process of law when the court found defendant to be a sexually violent [predator] without noting the proper quantum of proof.

(Doc. 7, RX 8.)

The court of appeals affirmed the conviction and sentence of the trial court.

(Doc. 7, RX 11; Fisher, 2009 WL 270487.)  The court denied Fisher's application for

reconsideration.  (Doc. 7, RX 12-13.)

Fisher filed a timely appeal to the Supreme Court of Ohio.  Fisher set forth

the following nine propositions of law:

1. A defendant has been denied due process of law and a fair trial when the court allowed Det. Russell Kucinski to testify concerning irrelevant matters and attesting to the credibility of the complaint.

2. A defendant has been denied due process of law when irrelevant and inflammatory evidence has been in a rape prosecution concerning the defendant selling drugs.

3. A defendant has been denied a fair trial when the prosecutor comments on the fact that the defendant has not testified.

4. A defendant had been denied a fair trial by the prosecutor urging a conviction based on passion and prejudice.

5. A defendant has been denied due process of law when insufficient evidence has been offered to support a conviction.

6. A defendant has been denied effective assistance of counsel where errors and omissions by the trial counsel [have] prejudiced the defendant.

5

7. A defendant has been denied due process of law when he is found to be a sexually violent predator without any sworn testimony.

8. A defendant has been denied due process of law when the trial court, without a jury, decides the issue as to whether the defendant was a sexually violent predator.

9. A defendant has been denied due process of law when he was convicted of being a sexually violent predator.

(Doc. 7, RX 15.) On Sept. 16, 2009, the Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 7, RX 17; State v. Fisher, 122 Ohio St.3d 1521, 913 N.E.2d 457 (2009).)

While his direct appeal was pending, Fisher filed a petition for post-conviction relief, asserting (1) that his statutory right to a speedy trial was violated, and (2) ineffective assistance of counsel, for failing to raise the speedy trial issue, and for not investigating or presenting defense witnesses.  (Doc. 7, RX 18.)  The trial court denied his petition.   (Doc. 7, RX 21.)

Fisher appealed the denial of his post-conviction petition, raising two assignments of error:

1. Defendant was denied due process of law when the court granted an untimely motion for summary judgment which alleged all sorts of facts which were not apparent upon the face of the record.

2. Defendant was denied due process of law when the court dismissed his petition for post-conviction relief without an evidentiary hearing.

(Doc. 7, RX 23.) The court of appeals affirmed the judgment of the trial court.  (Doc. 7, RX 25; State v. Fisher, No. 93047, 2010 WL 125977 (Ohio Ct. App. Jan. 14, 2010).)

6

Fisher appealed this decision to the state high court, setting forth the following sole proposition of law:  "A defendant has been denied due process of law when the court rules that in a petition for post-conviction relief res judicata bars claims that were not presented in the original appeal and which required extrinsic evidence to support the claim."  (Doc. 7, RX 29.)   On June 9, 2010, the Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 7, RX 31; State v. Fisher, 125 Ohio St.3d 1449, 927 N.E.2d 1129 (2010).)

On May 11, 2011, Fisher filed a motion pro se for resentencing, which was denied by the trial court.  (Doc. 7, RX 32, 35.)  On May 31, 2012, after this federal habeas petition was filed in June of 2011, the Ohio Court of Appeals affirmed the judgment of the trial court.  State v. Fisher, No. 97685, 2012 WL 1964051 (Ohio Ct. App. May 31, 2012).)

Fisher has filed a timely petition for a writ of habeas corpus in this court.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Fisher has filed his petition pro se.  The pleadings of a petition drafted by a

pro se litigant are held to less stringent standards than formal pleadings drafted by

lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  PROCEDURAL DEFAULT

The respondent asserts that the second and seventh grounds for relief are procedurally defaulted, "due to his failure to fairly present them at the first opportunity to the state courts."  (Doc. 7, at 11.)  The second and seventh grounds both concern allegedly improper comments by the prosecutor:  when the prosecutor commented that Fisher did not testify (second), and improper comments by the prosecutor urging conviction "based on passion and prejudice" (seventh).  Fisher raised these claims as the third and fourth assignments of error in his direct appeal. (Doc. 7, RX 8.)

### A.  Second Ground: Comment on Failure to Testify

As to the second habeas ground (the third claim on appeal:  comment that Fisher did not testify), the state court of appeals ruled that "Fisher did not object to this testimony at trial, and in the absence of objection, any error is considered waived save for plain error."  (Doc. 7, RX 11, at 10; Fisher, 2009 WL 270487, at *5.)

The state court did not find that the challenged portion of the prosecution's closing argument constituted plain error. Id.

Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman v. Thompson, 501 U.S. 722, 729-730 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 103 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the

petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

The court of appeals overruled Fisher's challenge on appeal, because he had not lodged a timely objection at trial, and he did not show plain error.  (Doc. 7, RX 11, at 10-12; Fisher, 2009 WL 270487, at *5.)  The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal habeas review, and that the application of plain error review constitutes enforcement of the rule.  Biros v. Bagley, 422 F.3d 379, 387 (6th Cir. 2005), cert. denied, 549 U.S. 853 (2006)).  See generally Wainwright, 433 U.S. at 86-88 (contemporaneous objection rule adequate & independent state ground to foreclose habeas review); Gulertekin v. Tinnelman-Cooper, 340 F.3d 415, 424 (6th Cir. 2003) (Ohio's contemporaneous objection rule); Loza v. Mitchell, No. C-1-98-287, 2002 WL 1580520, at *28-*30 (S.D. Ohio June 11, 2002) (citing Scott v. Mitchell, 209 F.3d 854, 867-871 (6th Cir.), cert. denied, 531 U.S. 1021 (2000)).

Controlling precedent in the Sixth Circuit is "that plain error review does not constitute a waiver of state procedural default rules."  Seymour v. Walker, 224 F.3d 542, 557 (6th Cir. 2000), cert. denied, 532 U.S. 989 (2001); see also Keith v. Mitchell, 455 F.3d 662, 673-674 (6th Cir. 2006), cert. denied, 549 U.S. 1308 (2007); Gulertekin, 340 F.3d at 423-424.  Thus, the state court's plain error review does not change the fact that Fisher has procedurally defaulted this claim.

11

As to the fourth Maupin factor, "cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.  Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Fisher does not argue cause, and, in fact, agrees that this ground has been procedurally defaulted.  (Doc. 12, at 1.)  The petition should not be granted on the basis of the second ground.

B.  Seventh Ground:  Comments Based on Passion and Prejudice

Regarding the seventh habeas ground (the fourth claim on appeal:  comments based on passion and prejudice), the state court of appeals ruled that Fisher had failed to demonstrate how the contested remarks substantially prejudiced him.  The court found that "the comments draw reasonable inferences from the evidence presented."  (Doc. 7, RX 11, at 13; Fisher, 2009 WL 270487, at *6.)

The state court did not invoke the contemporaneous objection rule in relation to this claim.  Instead, the court addressed the claim on the merits, and evaluated the contested comments under relevant state law.  See generally doc. 7, RX 11, at 12-13; Fisher, 2009 WL 270487, at *6.  Thus, the state court did not enforce the contemporaneous objection rule as to the seventh ground, and that claim has not been procedurally defaulted.

However, the respondent also argues that the seventh ground is without merit.  The respondent contends that "Fisher has failed to specify here what additional comments inciting the jury's 'passion and prejudice' were constitutional error."  (Doc. 7, at 20-21.)  The habeas petition does not identify the contested

12

remarks, but the state court of appeals stated:  "Specifically, Fisher argues that the prosecution's comment "[d]on't reward him," said several times during closing argument, were calculated to incite the passions and prejudices of the jurors and were thus improper."  (Doc. 7, RX 11, at 12; Fisher, 2009 WL 270487, at *6.)

The portion of the closing argument at issue was quoted by Fisher in his direct appeal as follows:

> To do that you would give this man who took control a benefit for what he did.  Don't reward him for picking an empty hotel room to do this to this woman.  Don't reward him for taking advantage of a relationship that his brother has with this woman to get close to her.  Don't reward him for tearing the five-millimeter gash in the vagina while forcing himself on her.
>
> Don't reward him for the shame he caused her, for the embarrassment he caused her.  Don't reward him for that.   Don't reward him for that and say I can't find beyond a reasonable doubt.  You know what happened here.  You know what happened here.  It's there.  You have enough evidence.  Every jury in every case, I never met one that didn't want to have more evidence.  That's a human nature reaction.  That's human nature.
>
> MR. KELLON:  Objection.
>
> THE COURT:  Overruled.
>
> * * * * * *
>
> Don't reward him for the shame he caused this woman.  Don't reward the feelings she expressed to you, how she felt after he had his way with his body.
>
> Don't reward that by saying good job.  You scared her enough, you shamed her enough and shocked her enough.  And because she waited too long, we'll never be able to find him guilty in a case like this.  Find this man guilty.  You have the evidence and it's enough evidence.

(Doc. 7, RX 8, at 15-16, quoting Trial Tr., at 352-354.)

The court of appeals analyzed Fisher's claim under state law:

> According to the Supreme Court of Ohio:  "In general terms, the conduct of a prosecuting attorney during trial cannot be made a ground of error unless that conduct deprives the defendant of a fair trial." State v. Maurer (1984), 15 Ohio St.3d 239, 473 N.E.2d 768.

> "Therefore, a defendant shall be entitled to a new trial only when a prosecutor makes improper remarks and those remarks substantially prejudice the defendant."  State v. Green, Cuyahoga App. No. 90473, 2008-Ohio-4452, citing State v. Tibbetts, 92 Ohio St.3d 146, 749 N.E.2d 226, 2001-Ohio-132; see, also, State v. Smith (1984), 14 Ohio St.3d 13, 470 N.E.2d 883.

(Doc. 7, RX 11, at 12-13; Fisher, 2009 WL 270487, at *6.)

The state court ruled that Fisher had failed to demonstrate how the contested remarks had substantially prejudiced him.  The court found that the prosecutor's comments drew reasonable inferences from the evidence presented.  (Doc. 7, RX 11, at 13; Fisher, 2009 WL 270487, at *6.)

The state court based its rulings on state law, not federal constitutional law, so the question before this habeas court is whether the state court's rulings are contrary to clearly established federal law, as determined by the Supreme Court of the United States.  A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405; see also Davis v. Lafler, 658 F.3d 525, 530 (6th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 1927 (2012).  The source of "clearly established law" is limited to U.S. Supreme Court cases, not the rulings of lower federal courts.  Williams, 529 U.S. at 412; see also Harrington v. Richter, 131 S.Ct. 770, 786 (2011); James v. Brigano,

470 F.3d 636, 643 (6th Cir. 2006) (6th Circuit caselaw is not "clearly established federal law" for habeas purposes); Smith v. Stegall, 385 F.3d 993, 998 (6th Cir. 2004), cert. denied, 544 U.S. 1052 (2005); Martin v. Wilson, 419 F.Supp.2d 976, 980 (N.D. Ohio 2006).

A claim of prosecutorial misconduct involves the Fourteenth Amendment Due Process Clause.  The appropriate standard for such a claim on habeas review is "the narrow one of due process," not the broader review which would be applied on direct appeal.  Darden v. Wainwright, 477 U.S. 168, 181 (1986); Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974); West v. Bell, 550 F.3d 542, 565 (6th Cir. 2008), cert. denied, 130 S.Ct. 1687 (2010); Bowling v. Parker, 344 F.3d 487, 512 (6th Cir. 2003), cert. denied, 543 U.S. 842 (2004); Phelps v. Duckworth, 772 F.2d 1410, 1415 (7th Cir. 1985) (en banc).  Federal courts do not possess supervisory powers over state court trials.  West, 550 F.3d at 565 (quoting Byrd v. Collins, 209 F.3d 486, 529 (6th Cir. 2000)).  Therefore, the state court's ruling on a claim of prosecutorial misconduct is reviewed deferentially.  Darden, 477 U.S. at 181; Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004), cert. denied, 544 U.S. 921 (2005) (citing Bowling, 344 F.3d at 512).

The Supreme Court has warned against "holding every improper and unfair argument of a state prosecutor to be a federal due process violation."  Sawyer v. Smith, 497 U.S. 227, 235 (1990) (quoting Caldwell v. Mississippi, 472 U.S. 320, 338 (1985)).  The Court found that it is not enough that the prosecutors' remarks were "undesirable or even universally condemned."  Darden, 477 U.S. at 181.  The

relevant inquiry is whether any improper conduct by the prosecutor "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden, 477 U.S. at 181; Donnelly, 416 U.S. at 643.

The Sixth Circuit has ruled that there is no impropriety when the prosecutor's comments "reflect reasonable inferences from the evidence adduced at trial." The prosecutor may properly appeal to the jury's sense of justice. Wogenstahl v. Mitchell, 668 F.3d 307, 331-333 (6th Cir. 2012), petition for cert. filed (July 10, 2012) (No. 12-5231). See also Ellison v. Acevedo, 593 F.3d 625, 638 (7th Cir. 2010) (distinction between prosecutor's personal opinion of guilt, and his submission of what the evidence establishes).

In any event, the relevant inquiry on habeas review is whether the state court's ruling was contrary to clearly established federal law. This court cannot find that the state court ruling on this issue of alleged prosecutorial misconduct was contrary to clearly established federal law, as expressed in Supreme Court precedent. Williams, 529 U.S. at 412-413.

The court finds that the second ground for relief is procedurally defaulted, but finds that the state court did not enforce the contemporaneous objection rule as to the seventh ground, thus, that ground is not defaulted. However, the court finds that Fisher has failed to establish that the state court's decision was contrary to clearly established federal law, as determined by the U.S. Supreme Court.

16

## IV.  EVIDENTIARY RULINGS

The first ground of the petition is:  "Petitioner was denied due process of law and a fair trial when the court allowed Det. Kucinski to testify concerning irrelevant matters and attesting to the credibility of the complaint."  The sixth ground of the petition is:  "Petitioner was denied due process of law when irrelevant and inflammatory evidence concerning selling drugs was offered."  (Doc. 1, at § 12.)

The respondent argues that these claims are "noncognizable (and meritless) challenges to State law evidentiary rulings."  (Doc. 7, at 16.)  See generally Broom v. Mitchell, 441 F.3d 392, 406 (6th Cir. 2006), cert. denied, 549 U.S. 1255 (2007); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.), cert. denied, 540 U.S. 930 (2003); Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988).

Fisher concedes that these evidentiary claims are not cognizable.  (Doc. 12, at 1.)  The petition should not be granted on the basis of the first or sixth ground.

## V.  SUFFICIENCY OF THE EVIDENCE

The eighth ground of the petition is:  "Petitioner was denied due process of law when the court overruled petitioner's motion for judgment of acquittal."  (Doc. 1, at § 12.)   The respondent points out that the state court "reasonably found that the jury had sufficient evidence upon which to base a guilty verdict based upon the victim's testimony and physical injuries sustained because of the attack."  (Doc. 7, at 32.)  See generally Jackson v. Virginia, 443 U.S. 307 (1979).

17

Fisher concedes that he cannot demonstrate that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  (Doc. 12, at 1.)  The petition should not be granted on the basis of the eighth ground.

## VI.  SEXUAL PREDATOR DETERMINATION

The fourth, fifth, ninth and tenth grounds for relief all concern the state court's determination that Fisher is a sexually violent predator:

> 4.  Petitioner was denied due process of law when he was bound [sic] to be a sexually violent predator without any sworn testimony.
>
> 5.  Petitioner was denied due process of law when the court heard, without a jury, the issue whether defendant was a sexually violent predator.
>
> * * * * * *
>
> 9.  Petitioner was denied due process of law when he was convicted of being a sexually violent predator.
>
> 10.  Petitioner was denied due process of when the court found petitioner to be a sexually violent predatory [sic], without noting the proper quantum of proof.

(Doc. 1, § 12.)  On direct appeal, Fisher had argued that he was denied due process of law at the sexually violent predator hearing for those same reasons.  The state court of appeals applied state law, and overruled his four assignments of error.  (Doc. 7, RX 11, at 17-20; Fisher, 2009 WL 270487, at *8-*9.)

The respondent asserts that "a prisoner does not satisfy the 'in custody' requirement for filing a habeas petition with regard to his sexual [predator] designation under Ohio law."  (Doc. 7, at 35, citing Leslie v. Randle, 296 F.3d 518, 522-523 (6th Cir. 2002).)

In Leslie v. Randle, a constitutional challenge to Ohio's sexual predator statute, the Sixth Circuit held that the classification was a "collateral consequence" of a conviction, and did not satisfy the "in custody" requirement of habeas relief. Leslie, 296 F.3d at 522-523.  Leslie found that an adjudication as a sexual predator is a collateral consequence of the conviction but is not part of the sentence. Goodballet v. Mack, 266 F.Supp.2d 702, 708 (N.D. Ohio 2003).  As in Leslie, Fisher is challenging his adjudication as a sexual predator through the fourth, fifth, ninth and tenth grounds, and is not seeking relief through those grounds from the conviction or sentence upon which his confinement is based.  See Leslie, 296 F.3d at 522.

Because the proceedings concerning Fisher's status as a sexual predator concern a "collateral consequence" of his conviction, and the challenges raised in his fourth, fifth, ninth and tenth grounds do not satisfy the "in custody" requirement of habeas relief,  the petition cannot be granted on the basis of those grounds.  Leslie, 296 F.3d at 522-523; Bevins v. Brunsman, Civ. No. 1:08CV520, 2009 WL 5612338, at *12 (S.D. Ohio Dec. 17, 2009); Goodballet, 266 F.Supp.2d at 708.

19

## VII.  INEFFECTIVE ASSISTANCE OF COUNSEL

The remaining two ground of the petition are based on ineffective assistance of counsel:

3.  Petitioner was denied effective assistance of counsel.

11.  Petitioner was denied effective assistance of counsel because counsel failed to file a motion for dismissal and discharge based on a speedy trial violation.

(Doc. 1, § 12.)

As to the third ground, Fisher alleged several theories of ineffective assistance of counsel on direct appeal (doc. 7, RX 8).  The respondent points out that, in his habeas petition, "Fisher failed to set forth any specific errors or omission[s] of his trial counsel."  (Doc. 7, at 28.)  The respondent argues that allegations which are not supported by a statement of specific facts cannot support habeas relief.  Id. at 28-29.

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  James v. Borg, 24 F.3d 20, 26 (9th Cir.), cert. denied, 513 U.S. 935 (1994); see also Ziegler v. Birkett, No. 03–10036–BC, 2004 WL 1765516, at *3 (E.D. Mich. July 19, 2004).  In James, the petitioner argued that trial counsel should have presented evidence that the petitioner was not the shooter.  The court of appeals pointed out that the  petitioner did not identify what evidence counsel should have presented.  Id.

In the petition before this court, Fisher does not support his allegation of ineffective assistance of counsel with any facts in support, so that it is not clear

which, if any, of the six theories of ineffective assistance that he presented on appeal is being presented to this court.  Because Fisher has offered no facts in support of his third ground, his allegations are conclusory, and he is not entitled to habeas relief on that claim.  James, 24 F.3d at 26; Santiago v. United States, No. 2:08CV230, 2011 WL 3892229, at *4 (E.D. Tenn. Sept. 2, 2011) (petitioner failed to flesh out skeletal allegations of incompetent counsel with supporting facts); Ziegler, 2004 WL 1765516, at *3.  The petition should not be granted on the basis of the third ground.

As to the eleventh ground, Fisher presented his claim of ineffective assistance based on counsel's failure to file a motion for dismissal and discharge based on a speedy trial violation in his petition for post-conviction relief.  (Doc. 7, RX 18.)  The trial court denied his petition.  (Doc. 7, RX 21.)

Fisher appealed the denial of his petition for post-conviction relief, raising two assignments of error, neither of which concerned his ineffective assistance claim.  (Doc. 7, RX 23.)  His subsequent appeal to the Supreme Court of Ohio did not raise this claim either.  (Doc. 7, RX 29.)

It is well-settled in the Sixth Circuit that the threshold issue of exhaustion of state remedies can be raised by the court sua sponte.  Richards v. Money, No. 1:03CV1532, 2005 WL 1181856, at *5 (N.D. Ohio May 18, 2005) (citing Clinkscale v. Carter, 375 F.3d 430, 436-437 (6th Cir. 2004); Harris v. Rees, 794 F.2d 1168, 1170 (6th Cir. 1986)); see also Alexander v. Eberlin, No. 1:06CV1664, 2007 WL 2902899, at *5 (N.D. Ohio Sept. 28, 2007) (same).

21

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman, 501 U.S. at 731; Buell, 274 F.3d at 349 (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs, 265 F.3d at 417. The court cannot consider the eleventh ground for relief as it has not been fairly presented to the state high court.

## VIII.  SUMMARY

The petition for a writ of habeas corpus should be denied.

Fisher concedes that his evidentiary claims are not cognizable in habeas, thus the petition should not be granted on the basis of the first or sixth grounds. The petition should not be granted on the basis of the second ground because it has been procedurally defaulted, as Fisher concedes.

22

Because Fisher has offered no facts in support of his third ground (ineffective assistance), his allegations are conclusory, and he is not entitled to habeas relief on that claim.  The petition should not be granted on the basis of the third ground.

The state court proceedings concerning Fisher's status as a sexual predator concern a "collateral consequence" of his conviction, therefore the challenges raised in his fourth, fifth, ninth and tenth grounds do not satisfy the "in custody" requirement of habeas relief,  and the petition cannot be granted on the basis of those grounds.

Although the court does not find that the seventh ground is procedurally defaulted, as suggested by respondent, Fisher failed to establish that the state court's decision was contrary to clearly established federal law, and the petition should not be granted on the basis of the seventh ground.

Fisher concedes that he cannot demonstrate that the state court decision on the sufficiency of the evidence was contrary to, or involved an unreasonable application of, clearly established federal law, so the petition should not be granted on the basis of the eighth  ground.  The court cannot consider the eleventh ground for relief as it has not been fairly presented to the state high court.

<u>RECOMMENDATION</u>

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:   Sept. 13, 2012              /s/ Kenneth S. McHargh
                                     Kenneth S. McHargh
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).